UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD STRADER, derivatively on behalf of XPLR INFRASTRCTURE, LP, | Case No.:  25-CV-2033 JLS (DDL) |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS** |
| v. | |
| JOHN W. KETCHUM, BRIAN W. BOLSTER, TERRELL KIRK CREWS II, SUSAN D. AUSTIN, ROBERT J. BYRNE, MARK E. HICKSON, PETER H. KIND, REBECCA J. KUJAWA, and NEXTERA ENERGY, INC., | (ECF No. 17) |
| Defendants, | |
| and | |
| XPLR INFRASTRUCTURE, LP., | |
| Nominal Defendant. | |

Presently before the Court is Defendants John W. Ketchum's, Brian W. Bolster's, Terrell Kirk Crews II's, Susan D. Austin's, Robert J. Byrne's, Mark E. Hickson's, Peter H. Kind's, Rebecca J. Kujawa's (together, the "Individual Defendants"), and NextEra Energy, Inc.'s ("NextEra"), and Nominal Defendant XPLR Infrastructure, LP's ("XPLR")

1

(together with the Individual Defendants and NextEra, "Defendants," and with Plaintiff, the "Parties") Unopposed Motion to Stay Proceedings ("Mot.," ECF No. 17). Defendants contend that a stay is warranted until the Court grants with prejudice any motion to dismiss, and any appeals therefrom are resolved, or any defendant files an answer in the related class action before this Court, *Alvrus v. XPLR Infrastructure, LP*, No. 3:25-cv-01755-JLS-DDL (the "Securities Class Action"). Mot. at 2–3. Because this action (the "Derivative Action") and the Securities Class Action consist of overlapping defendants and legal issues, Defendants submit that entering a stay will eliminate the possibility of redundant and conflicting proceedings and prevent the unnecessary expenditure of resources. *Id.* at 4. Defendants further submit that the Parties met and conferred, and Plaintiff Howard Strader does not oppose their request to stay proceedings in this action. *Id.* at 2.

"District courts have inherent authority to stay proceedings before them." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003), *abrogated on other grounds by Ryan v. Gonzales*, 568 U.S. 57 (2013). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, courts consider: (1) "the hardship or inequity a party may suffer in being required to go forward"; (2) "the orderly course of justice measured in term of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"; and (3) "the possible damage that may result from the stay." *Fitrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).

In light of the foregoing, the Court finds that granting the requested stay would best promote the interests of securing a just and inexpensive determination of the action. Plaintiff does not oppose Defendants' request to stay proceedings, and the Court does not otherwise find that damage or harm will result from entering a stay. However, the Court does not find it appropriate to extend the stay to any appeals of any motion to dismiss the Securities Class Action. *See Silva on behalf of Dexcom, Inc. v. Sayer*, No. 24-CV-1645-

RSH-VET, 2024 WL 5145970, at *4 (S.D. Cal. Dec. 16, 2024) (citing *Hoeun Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000)).

Accordingly, the Court **GRANTS IN PART** Defendants' Unopposed Motion to Stay Proceedings (ECF No. 17), **VACATES** the January 8, 2026, hearing on the Motion pursuant to Civil Local Rule 7.1(d)(1), and **ORDERS** as follows:

1. Except as provided below, all proceedings, including any deadlines and any obligations to respond to any pleading in the Derivative Action, are hereby stayed and shall remain stayed until the earlier of the date that (a) any motion to dismiss the Securities Class Action is granted with prejudice, or (b) any defendant files an answer in the Securities Class Action. Alternatively, the stay may be lifted for good cause shown upon an application by both parties. Additionally, the stay may be lifted by Plaintiff if any Related Derivative Action is not stayed for the same or longer duration as the Derivative Action upon Plaintiff providing fourteen (14) days' notice to Defendants via email. For the avoidance of doubt, Plaintiff may not lift the stay if a Related Derivative Action is subject to a pending motion to stay unless a Related Derivative Action is also subject to a pending motion to dismiss (on any grounds other than jurisdiction and venue) in which event either (i) Defendants will not move to dismiss the Derivative Action later than they any of the Defendants move to dismiss the Related Derivative Action or (ii) Plaintiff may lift the stay.

2. The Parties shall confer and submit a proposed scheduling order within twenty-one (21) days following dissolution of the stay order.

3. Defendants shall promptly notify Plaintiff should they become aware of any related unitholder derivative lawsuits (a "Related Derivative Action") or threatened derivative actions, including inspection demands or litigation demands (a "Related Demand").

4. Defendants shall notify Plaintiff if a Related Derivative Action is not stayed for a similar or longer duration than this stay within two (2) calendar days of the entry of any such stay.

5.	During the pendency of the stay, and subject to the prior execution of an appropriate confidentiality agreement and/or protective order that governs Plaintiff's use in this case, Defendants shall promptly produce to Plaintiff any books and records produced to any unitholder who made a books-and-records inspection demand regarding allegations arising out of a common nucleus of operative fact as the allegations made in this Derivative Action.  Plaintiff hereby agrees that all such books and records provided pursuant to this Paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint in this Derivative Action if Plaintiff uses or references any such books and records in such a future complaint, and Plaintiff shall not make any argument to the contrary in any motion or otherwise.

6.	During the pendency of the stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or formal settlement talks with the lead plaintiffs in the Securities Class Action and shall invite Plaintiff to participate in person or remotely in any mediation or formal settlement talks with the lead plaintiffs in the Securities Class Action.  Plaintiff's ability to attend and participate in any mediation or formal settlement discussions is contingent on Plaintiff's prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement talks.  In the event Defendants are unable to include Plaintiff in the mediation with the lead plaintiff in the Securities Class Action, Defendants agree to mediate with Plaintiff separately at or about the same time as the lead plaintiff.

7.	During the pendency of the stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or the entry into settlement negotiations with any other plaintiff in any Related Derivative Action and shall include Plaintiff in any such mediation or the entry into settlement negotiations.  Plaintiff's ability to attend and participate in any mediation or such settlement negotiations is contingent on Plaintiff's prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or such settlement negotiations.

25-CV-2033 JLS (DDL)

8.      During the pendency of the stay, Plaintiff may amend the complaint consistent with the Federal Rules of Civil Procedure governing amendments of complaints, but Defendants shall not be required to respond to any amended complaint during the pendency of the stay.

9.      The Parties shall meet and confer regarding the consolidation of any unitholder derivative action filed in, removed to, or transferred to this Court based on the materially same set of facts alleged in this Derivative Action.  In addition, an application for consolidation of such a unitholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

10.      All currently scheduled hearings, conferences, and deadlines shall be suspended until the stay of proceedings is lifted and the Court enters a scheduling order.

**IT IS SO ORDERED.**

Dated:  November 5, 2025

Hon. Janis L. Sammartino
United States District Judge

25-CV-2033 JLS (DDL)